**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0901-22

JANUSZ KADZIELAWA,

     Plaintiff-Respondent,

v.

MARIA KADZIELAWA,

     Defendant-Appellant.

_____

Submitted April 17, 2024 – Decided April 23, 2024

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-0338-09.

Adamo Ferreira, LLC, attorney for appellant (Adamo Ferreira, on the brief).

Weiss, Tom & Trapanese, LLC, attorneys for respondent (Jeffrey James Trapanese, on the brief).

PER CURIAM

This post-judgment divorce appeal comes back to us following our prior decision remanding to the Family Part on the limited issue of counsel fees. We determined that the judge failed to require the parties to submit up-to-date case information statements (CIS) in order to assess each party's relative financial circumstances, and did not make specific findings as to the pertinent Rule 5:3-5(c) factors.

We do not repeat the tortuous history of the litigation as we have previously set it forth in our prior opinion, Kadzielawa v. Kadzielawa, No. A-4296-19 (App. Div. Aug. 18, 2022). Neither do we recite our extensive legal conclusions.

On remand, the judge considered the parties' updated CIS's and certifications of services and conducted a hearing on September 23, 2022 on the issue of counsel fees. In a comprehensive oral opinion following argument, the judge considered the Rule 5:3-5(c) factors, amplified his prior findings and conclusions, and awarded plaintiff $39,089.06. In reaching his decision, the judge considered that plaintiff receives Social Security Disability income and has a limited, fixed monthly budget. The judge also noted that defendant is not disabled or unable to work and can earn more money than she does cleaning houses.

The judge also found that defendant took "an unreasonable position from the outset of this litigation," lost her appeal, and proceeded in "bad faith" by deliberately violating the terms of the parties' settlement agreement, engaging in unilateral communications with a financial entity in demanding an excessive distribution from plaintiff's IRA, and misappropriating retirement assets that were supposed to be equitably distributed to plaintiff. Consequently, plaintiff was compelled to file a motion to enforce litigant's rights and incurred substantial counsel fees. A memorializing order was entered on September 26, 2022.

The judge's amplifications and analyses are supported by the record. What was previously missing—an articulated analysis—has now been provided. In this second appeal, defendant contends the judge abused his discretion in awarding plaintiff counsel fees in the amount of $39,089.06, and denying her request for an adjournment to gather more information about her previous counsel fees.

We have considered these contentions in light of the entire record, applicable law, and our prior opinion. We are satisfied the judge on remand addressed our concerns fully and that his conclusions are amply supported by the record and by the applicable law. At this point, we see no basis to intrude

A-0901-22

upon his discretionary determinations.  The judge was well within his discretion to deny defendant's adjournment request, which was not made until after the remand hearing commenced.  The record shows that defendant did not submit her updated CIS and pertinent financial documents until moments before the remand hearing began.  We cannot fault the judge for denying her late adjournment request.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-0901-22